UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAMAL SALMAN,

Plaintiff,

-against-

WESTCHSTER CO. DEPT. OF CORRECTIONS/BOOKING SEARCH,

Defendant.

26-CV-7900 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Plaintiff Kamal Salman, who is currently incarcerated at the Westchester County Jail and is proceeding *pro se*, brings this action under 42 U.S.C. § 1983, alleging that his constitutional rights were violated in the course of a strip search upon his intake into the jail. The Court construes the complaint as asserting additional claims under New York Civil Rights Law § 85. Plaintiff names as defendant the Westchester County Department of Corrections/Booking Search, and he seeks monetary relief. By separate order, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 30 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief, and to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 679.

**BACKGROUND**

The following events, which Plaintiff alleges occurred on July 25, 2026 inside of the Westchester County Jail, are drawn from the complaint.[1] In the Statement of Claim portion of the complaint, Plaintiff alleges, in full:

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

> On the above date, I came back from court to the county jail booking search, Westchester Co. Jail. I was sexually harassed by correction officers[.] When I strip[ped] naked, the officer made comment on my body! I felt very embarrassed! These people here are ruthless!

(ECF No. 1, at 4.) He seeks $1.5 million.

## DISCUSSION

### A. The Fourth Amendment

The Court understands Plaintiff to be asserting claims, under 42 U.S.C. § 1983, for violations of the Fourth Amendment, which prohibits "unreasonable searches and seizures." U.S. Const. amend. IV. While the Supreme Court has held that "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell," *Hudson v. Palmer*, 468 U.S. 517, 626 (1984), the Second Circuit has nonetheless held that "inmates do retain a limited right to bodily privacy under the Fourth Amendment[,]" *Harris v. Miller*, 818 F.3d 49, 57 (2d Cir. 2016) (reaffirming *Covino v. Patrissi*, 967 F.2d 73, 78 (2d Cir. 1992) ("[M]aintenance of prison security is not burdened unduly by the recognition that inmates do retain a limited right to bodily privacy.")).

When evaluating an incarcerated person's claim that an officer violated his or her limited right to bodily privacy, the "court must [first] determine whether the inmate has 'exhibit[ed] an actual, subjective expectation of bodily privacy.'" *Id.* (quoting *Covino*, 967 F.2d at 77). Second, "the court must determine 'whether the prison officials had sufficient justification to intrude on [the individual's] [F]ourth [A]mendment rights.'" *Id.* (quoting *Covino*, 967 F.2d at 78).

With respect to the second question, where the claim challenges an "isolated search," rather than a regulation or policy, "courts typically apply the standard set forth in *Bell v. Wolfish*, 441 U.S. 520 (1979)." *Id.* at 58. *Bell* sets out a four-factor "test of reasonableness," which "requires a balancing of the need for the particular search against the invasion of personal rights

that the search entails. Courts must consider [1] the scope of the particular intrusion, [2] the manner in which it is conducted, [3] the justification for initiating it, and [4] the place in which it is conducted." *Bell*, 441 U.S. at 559.

The first factor—the scope of the intrusion—varies with the type of search:

> A "strip search," though an umbrella term[,] generally refers to an inspection of naked individuals without any scrutiny of the subject's body cavities. A "visual body cavity search" extends to visual inspection of the anal and genital areas. A "manual body cavity search" includes some degree of touching or probing of body cavities.

*Cookish v. Powell*, 945 F.2d 441, 444 n.5 (1st Cir. 1991) (internal quotations and citation omitted). A visual body cavity search is generally considered invasive. *See Harris*, 818 F.2d at 58-59. The scope of the intrusion will also vary depending on who searches whom—*e.g.*, whether the officer conducting the search was of the same gender as the individual being searched. *See id.* at 59 ("[I]t is generally considered a greater invasion to have one's naked body viewed by a member of the opposite sex." (internal quotation marks and citation omitted)).

With respect to the second factor—the manner in which the search was conducted—the Supreme Court has held that "searches must be conducted in a reasonable manner." *Bell*, 441 U.S. at 560. For example, "[a] strip search conducted in a professional manner is more reasonable than one that is not." *Harris*, 818 F.3d at 59-60.

As to the third factor—the justification for the search—"Supreme Court precedent suggests that officers must provide a justification that is supported by record evidence." *Harris*, 818 F.3d at 60. In particular, "whether an officer is searching for contraband is highly relevant to the reasonableness inquiry." *Id*.

Finally, with respect to the place where the search is conducted, "a strip search or body cavity search conducted in the presence of unnecessary spectators is less reasonable than one conducted in the presence of only those individuals needed to conduct the search." *Id.* at 62.

Here, Plaintiff does not provide enough facts to allow the Court to infer that his limited right to bodily privacy was violated.[2] First, Plaintiff asserts that he was directed to strip naked, but he does not describe the nature of the search. That is, he does not provide facts to allow the Court to understand whether he was subjected to a strip search, a visual body cavity search, a manual body cavity search, or something else. *See Cookish*, 945 F.2d at 444 n.5 (briefly defining each kind of search).

With respect to the second factor—the manner in which the search was conducted—Plaintiff indicates that staff made comments about his body either during or after the search. Plaintiff does not explain, however, what the officers said about his body that would be demeaning or otherwise unreasonable under the circumstances. He also does not describe whether the officers had any alternatives to conducting the search in the manner that they did. *See, e.g.*, *Corley v. City of New York*, No. 14-CV-3202 (GHW), 2017 WL 4357662, at *15 (S.D.N.Y. Sept. 28, 2017) ("Using a body scanner—which requires no physical contact between prison guard and prisoner—is a reasonable alternative to other kinds of searches that would be more intrusive, such as body cavity searches . . . .").

Finally, Plaintiff does not provide any facts with respect to the place in which the search was conducted. It is therefore unclear whether the search took place in the presence of unnecessary spectators or, instead, was conducted in private and out of others' view.

[2] For the purposes of this order, the Court assumes that Plaintiff exhibited a subjective expectation of bodily privacy, thereby satisfying the first element of this analysis. This assumption is based upon the nature of the search and Plaintiff's reaction to it.

In sum, the Court cannot infer, based on Plaintiff's sparse allegations, that his rights under the Fourth Amendment were violated.

**B. Leave to Amend Granted**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid Fourth Amendment claim, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claim that the search was unreasonable.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief. Plaintiff's amended complaint should specifically address: (1) the nature of the search—that is, whether it was a strip search, a visual body cavity search, a manual body cavity search, or something else; (2) the contents of the comments that officers made to him during or after the search; (3) whether the officers had any alternatives to searching him; (4) whether the search was conducted by male or female officers; and (5) whether the search took place in the presence of unnecessary spectators.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be contained in the amended complaint.

**C. Referral to SDNY Federal Pro Se Legal Assistance Project**

The City Bar Justice Center (CBJC) operates the SDNY Federal Pro Se Legal Assistance Project to assist self-represented parties with civil cases in this court. Appointments can be scheduled by phone (212-382-4794), email (fedprosdny@nycbar.org), or by completing the intake form. A flyer with details is attached.[3]

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as an "Amended Complaint," and

[3] The CBJC is a private organization that it not part of the court, and the CBJC's SDNY Federal Pro Se Legal Assistance Project cannot accept filings on behalf of the court.

label the document with docket number 26-CV-7900 (LLS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and if he cannot show good cause to excuse such failure, the Court will dismiss Plaintiff's federal claims for failure to state a claim upon which relief may be granted and will decline to exercise supplemental jurisdiction, under 28 U.S.C. § 1367(c)(3), of any state law claims he may be asserting.

SO ORDERED.

Dated: October 5, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

______________________________________

______________________________________
Write the full name of each plaintiff.

-against-

______________________________________

______________________________________

______________________________________

______________________________________
Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_______________
(Include case number if one has been assigned)

AMENDED
**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes ☐ No

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: ________________________________________

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name Middle Initial Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City State Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: ______________________________

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

Defendant 2:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

Defendant 3:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

Defendant 4:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

## V. STATEMENT OF CLAIM

Place(s) of occurrence: ______________________________

Date(s) of occurrence: ______________________________

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI. RELIEF

State briefly what money damages or other relief you want the court to order.

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

____________________ ____________________

Dated Plaintiff's Signature

First Name Middle Initial Last Name

Prison Address

County, City State Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: ____________